OPINION
 

 ALARID, Judge.
 

 {1} ITT Educational Services, Inc. (ITT) appeals the Decision and Order of the New Mexico Taxation and Revenue Department (Department). ITT appeals the Department’s assessment of gross receipts tax based on the educational services that ITT provides within the State. ITT asserts that its curriculum development, financial aid services, and job placement services should be apportioned as they are services performed out of state and are separate from its educational services. Therefore, ITT argues it is not subject to New Mexico gross receipts tax; We hold that the Department did not err in determining that these activities are incidental to or components of ITT’s main service of providing an education to its students. Accordingly, we affirm the Department’s decision.
 

 FACTS
 

 {2} ITT is a nationwide technical-vocational school operating one of its fifty-nine facilities in Albuquerque, New Mexico. ITT teaches a standardized curriculum in all of its facilities and has a campus with classrooms, laboratories, offices, a bookstore, and a parking lot located in Albuquerque. ITT employs many faculty and staff members for its Albuquerque campus. The school offers two degree programs. Tuition for these courses ranges from about $15,000 to $16,000. All of the teaching, lab work, grading, counseling, and tutoring for the Albuquerque campus occur in Albuquerque.
 

 {3} The Department audited ITT and assessed over $800,000 in gross receipts tax, penalties and interest on unpaid gross receipts tax due on ITT’s tuition receipts. The Department’s Decision and Order found that ITT owed gross receipts tax on all of the services provided in New Mexico, including curriculum development, financial aid, and job placement services.
 

 DISCUSSION
 

 {4} We presume that the Department’s assessment was correct. NMSA 1978, § 7-l-17(C) (1992). This Court may reverse the hearing officer’s decision and order only if it is: “ ‘(1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence in the record; or (3) otherwise not in accordance with the law.’ ” Brim Healthcare, Inc. v. New Mexico Taxation & Revenue Dep’t, 119 N.M. 818, 819, 896 P.2d 498, 499 (Ct.App.1995) (quoting NMSA 1978, § 7-1-25(C) (1989)). We review the whole record in the light most favorable to the decision of the Department. Brim Healthcare, Inc., 119 N.M. at 819, 896 P.2d at 499.
 

 {5} The New Mexico gross receipts tax is assessed upon “any person engaging in business in New Mexico.” NMSA 1978, § 7-9-4(A) (1990). Gross receipts includes consideration received for performing services in the state. NMSA 1978, § 7-9-3(F) (1994); New Mexico Enters., Inc. v. Bureau of Revenue, 86 N.M. 799, 800, 528 P.2d 212, 213 (Ct.App.1974). Additionally, “expenses incurred outside New Mexico which are incidental to performing services in New Mexico” are subject to gross receipts tax. N.M. Admin. Code tit. 3, § 2.1.18.4.1 (1996). The purpose of the gross receipts tax is that individuals should pay taxes for the “privilege of engaging in business within New Mexico.” Proficient Food Co. v. New Mexico Taxation & Revenue Dep’t, 107 N.M. 392, 393, 758 P.2d 806, 807 (Ct.App.1988). A statutory presumption exists that all of a person’s receipts are subject to the gross receipts tax. Therefore, the taxpayer has the burden of overcoming this presumption. NMSA 1978 § 7-9-5 (1966); Brim Healthcare, Inc., 119 N.M. at 820, 896 P.2d at 500; Proficient Food Co., 107 N.M. at 393, 758 P.2d at 807.
 

 A. Applicability of the New Mexico Gross Receipts Tax
 

 {6} ITT argues that the gross receipts tax does not apply to services performed outside New Mexico. While this assertion is correct, it does not apply to the facts before us. As the Department correctly points out, the gross receipts tax assessed upon ITT is for services performed within New Mexico. The Department determined that ITT was in the business of providing the service of teaching in New Mexico. We agree. ITT students are paying tuition for their education and are not making separate payments for curriculum development, financial aid assistance, or job placement services and do not receive tuition refunds if they do not use these services. Substantial evidence in the record supports the Department’s determination.
 

 {7} ITT asserts that the Department must allocate receipts between in-state and out-of-state services. In support of this proposition, ITT relies on a Department ruling involving legal services provided in Texas and New Mexico. Rev. Rui. 410-90-2 (1993). This ruling concerned an attorney whose place of business and legal practice were located in New Mexico and Texas. The ruling held that New Mexico gross receipts tax must be paid on services performed in New Mexico and not those performed in Texas.
 

 {8} As the Department recognized, this ruling is distinguishable from these facts because it addresses services that are clearly apportionable, independent legal services performed in two states. Here, the service provided is teaching in New Mexico. The tuition paid by the students is for their education. ITT provides this education within New Mexico and is subject to taxation in New Mexico. ITT has cited no other authority to support the proposition that in-state and out-of-state services must be apportioned. Therefore, we affirm the Department’s determination in this regard.
 

 B. Curriculum Development, Financial Aid Service, and Job Placement Service
 

 {9} ITT argues that, as a matter of law, its tuition receipts for curriculum development, financial aid services, and job placement services performed outside New Mexico are not subject to the New Mexico gross receipts tax. ITT cites the Department’s Conclusions of Law numbers 3-5, to support its assertion that “each of the activities ITT performed outside New Mexico was free standing, substantial, substantively different than ‘teaching,’ and not ‘merely incidental to’ or a ‘component of teaching which ITT actually performed in New Mexico.” Contrary to ITT’s assertion, however, the Department’s Conclusions of Law states that ITT’s curriculum development is a component of teaching and that ITT’s financial aid and job placement services are merely incidental to its educational services.
 

 {10} ITT argues that 37 percent of its tuition is attributable to services performed outside New Mexico and that the Tax Administration Act’s statutory definition of service includes all of ITT’s educational activities including the 37 percent of its tuition. These services, according to ITT, are part of a single educational service and therefore, must be allocated between in-state and out-of-state activities or they must be considered completely separate services. ITT cites no authority for this proposition and therefore it will not be considered in this appeal. Wilburn v. Stewart, 110 N.M. 268, 272, 794 P.2d 1197, 1201 (1990) (“[i]ssues raised in appellate briefs that are unsupported by cited authority will not be reviewed ... on appeal”).
 

 {11} ITT also argues that its services are like those of a correspondence school in that they provide services out of state, not in state, as such, the New Mexico Supreme Court’s ruling in Advance Schools, Inc. v. Bureau of Revenue, 89 N.M. 79, 81-82, 547 P.2d 562, 564-65 (1976) is controlling. We do not agree. Advance Schools, Inc., 89 N.M. at 80, 547 P.2d at 563, involved a correspondence school located in Illinois. Advance Schools, Inc. facilitated the educational service provided to students in New Mexico entirely through the mail or by phone. It performed most of the grading, counseling, and other services in Illinois. Id. at 82, 547 P.2d at 565. ITT asserts that like Advance Schools, Inc. many of its “services,” curriculum development, financial aid, and job placement services are performed out of state. However, unlike Advance Schools, Inc., ITT does not provide its educational services from out of state. ITT has a campus in Albuquerque, its instructors are in Albuquerque, and all of the teaching, grading and counseling occur in Albuquerque. Most of the services performed by ITT occur within New Mexico. The Court in Advance Schools, Inc. focused on the activity paid for, which is teaching, not the ancillary activities that the school engaged in to prepare to teach. Id. As the Department correctly asserts, ITT fails to distinguish between performance of educational services, for which students are paying, and ITT’s preparation to perform the service. The students are paying ITT to teach, not to prepare to teach.
 

 {12} The Department cites Mountain States Advertising, Inc. v. Bureau of Revenue, 89 N.M. 331, 552 P.2d 233 (Ct.App. 1976), in support of the proposition that this Court should focus on the service for which the client is paying a fee. Mountain States Advertising was a company located in Colorado that designed and built billboards. Id. at 332, 552 P.2d at 234. This Court found that 90 percent of the activities performed by Mountain States Advertising occurred in Colorado, but the service of displaying signs occurred in New Mexico. Id. The Court looked to what the client was paying for. Id. This Court found that the customer was paying for the display of the sign in New Mexico and held that the corporation was subject to New Mexico gross receipts tax. Id.
 

 {13} There is substantial evidence to support the findings of the Department. As in Mountain States Advertising, the fact that ITT prepared for teaching out of state does not change the fact that the service occurs in state. Focusing on the service contracted for and where ITT performs it, ITT’s primary service clearly takes place in New Mexico. See id.; United States v. New Mexico, 581 F.2d 803, 809-812 (10th Cir.1978). Contrary to ITT’s position, its curriculum development, financial aid service, and job placement service are only incidental to its true service, that of teaching. These incidental activities are part of the service provided within New Mexico and therefore are subject to New Mexico’s gross receipts tax.
 

 C. Statutory Interpretation
 

 {14} ITT asserts that the Department’s interpretation of key terms in the gross receipts tax statute violated several common sense statutory cannons of interpretation. First, ITT argues that there was no need to interpret the statute because when a statute is clear and unambiguous, the court must give effect to the language of the statute. See State v. Jonathan M., 109 N.M. 789, 790, 791 P.2d 64, 65 (1990). ITT then argues that the Department did not give the statute its ordinary meaning and that the statute should have been construed against the State because it was ambiguous and doubtful. Conveniently, ITT argues on the one hand, that the statute is unambiguous for the purposes of statutory interpretation and on the other, argues that we must construe it against the State because it is ambiguous. We do not find the statute to be ambiguous or doubtful.
 

 {15} Next, ITT takes issue with the Department’s interpretation of “service.” ITT asserts that the interpretation is too narrow, that the Department interprets “the scope of the term ‘service’ to encompass a ridiculously small amount of activity, ‘teaching,’ and then conveniently attribute[d] all ITT receipts for educational services to that so-called ‘service:’[sic].” ITT asserts that this interpretation of “service” is inconsistent with the statutory definition of “service” and with its own rulings and orders. To support this assertion, ITT again relies upon Rev. Rui. 410-90-2 involving the legal services of a Texas lawyer. As stated above, this ruling stands for the proposition that where distinct services are performed both within New Mexico and without, only the portion performed within New Mexico is subject to gross receipts tax. The Department has not changed its position. ITT’s students are paying for the actual time spent on each student, not the limited preparational activity out of state. The Department’s order is not contrary to or inconsistent with this proposition. Because we do not find this to be a new interpretation of the gross receipts tax law, ITT’s argument that this interpretation is in violation of the agency rule-making process is without merit.
 

 {16} ITT also asserts that the Department used the wrong statutory language and that the decision below uses the word “provide” rather than “perform” and that the statute only applies to services “performed” in New Mexico not services “provided” in New Mexico. ITT is being hyper technical and provides no cited authority for this argument. Therefore, we will not address it. Wilburn, 110 N.M. at 272, 794 P.2d at 1201 (“[i]ssues raised in appellate briefs that are unsupported by cited authority will not be reviewed ... on appeal”).
 

 D. Penalties and Interest
 

 {17} ITT asserts that there can be no penalties or interest assessed because there is no gross receipts tax due and owing. Having upheld the hearing officer’s determination that ITT owes gross receipts tax, the hearing officer correctly determined that penalties and interest are also owed. NMSA 1978, § 7-1-69 (1997) (assessing penalties); NMSA 1978, § 7-1-67 (1996) (assessing interest).
 

 CONCLUSION
 

 {18} Having found that the Department did not err in determining that these activities are incidental to or components of ITT’s main service of providing an education to its students in New Mexico, we affirm the Department’s decision.
 

 {19} IT IS SO ORDERED.
 

 APODACA and WECHSLER, JJ., concur.