# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO, DEPARTMENT OF PUBLIC SAFETY TECHNICAL SUPPORT AND STATE POLICE DIVISIONS,**

Petitioners-Appellants,

v.                                                                                    **NO.   29,380**

**HONORABLE LARRY JONES TORRANCE COUNTY MAGISTRATE,**

Respondent-Appellee

and

**JESSICA PHILLIPS**,

Real-Party-in-Interest.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE  COUNTY**
**Kevin R. Sweazea, District Judge**

Rosemary P. McCourt, Deputy Chief Counsel
Department of Public Safety
Santa Fe, NM

for Appellants

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Dennis K. Wallin

Moriarty, NM

for Real Party in Interest

**MEMORANDUM OPINION**

**VIGIL, Judge.**

The Department of Public Safety (DPS) appeals from the district court denial of its petition for a writ of superintending control, or, in the alternative, writ of prohibition or writ of mandamus. This Court issued a calendar notice proposing to dismiss DPS's appeal as untimely. DPS has filed a memorandum in opposition to this Court's proposed summary dismissal, arguing that judicial miscommunication was partly to blame for DPS's untimely notice of appeal. Having considered DPS's argument, we are unpersuaded. We therefore dismiss for an untimely notice of appeal.

DPS is attempting to appeal a magistrate judge's act of expunging a criminal arrest and conviction record. DPS filed a petition for a writ of superintending control, or, in the alternative, writ of prohibition or writ of mandamus in the district court. The district court order denying DPS's petition was entered on February 5, 2009. [RP 53] DPS then had thirty days within which to file its notice of appeal, or on or before Monday, March 9, 2009. *See* Rule 12-201(A)(2) NMRA; Rule 12-308(A) NMRA. Although DPS filed a notice of appeal with this Court within thirty days of the district

court order, DPS did not file its notice of appeal *with the district court* until March 13, 2009. [RP 56] *See* Rule 12-202(A) NMRA (providing that an appeal from the district court "shall be taken by filing a notice of appeal with the district court within the time allowed by Rule 12-201"); *Lowe v. Bloom*, 110 N.M. 555, 556, 798 P.2d 156, 157 (1990) ("[T]he very concept of a timely filing (Rule 12-201) includes the concept that the party has substantially complied with applicable place-of-filing requirements (Rule 12-202(A))."); *see also* NMSA 1978, § 44-2-14 (1899)("That in all cases of proceedings by mandamus in any district court of this state, the final judgment of the court thereon shall be reviewable by appeal or writ of error in the same manner as now provided by law in other civil cases."). As a result, this Court proposed to summarily dismiss in its notice of proposed disposition. *See Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991) (stating that the timely filing of notice of appeal is a mandatory precondition to this Court's exercise of jurisdiction).

DPS does not dispute in its memorandum in opposition that the notice was untimely. [MIO 1] DPS does, however, contend that unusual circumstances existed such that this Court should exercise its discretion to hear this appeal. [MIO 2] DPS contends that a combination of factors including a grueling legislative session and the impending death of an ex-spouse helped to create the error. While we are sympathetic, counsel has not cited this Court any authority that would support our

3

considering DPS's untimely appeal on this basis. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (observing rule that appellate court will not consider proposition unsupported by citation to authority).

To the extent DPS relies on *Romero v. Pueblo of Sandia*, 2003-NMCA-137, 134 N.M. 553, 80 P.3d 490, to argue that this Court should exercise its discretion to hear DPS's appeal because of a judicial miscommunication, we are unpersuaded. In *Romero*, this Court held that a judicial miscommunication led the plaintiffs to believe they had perfected their appeal because, during the calendaring stage of the appeal, this Court informed the plaintiffs that it would construe the plaintiffs' application for interlocutory appeal as a notice of appeal and docketing statement rather than dismissing the appeal and allowing the plaintiffs to pursue an extension of time or otherwise attempt to correct their untimely appeal. *Id.* ¶ 7. Here, DPS contends that this Court's granting of its motion for an extension of time to file its docketing statement led DPS to believe that its appeal had been perfected. However, we note that there was no affirmative act by the Court, such as in *Romero*, informing DPS that its appeal had been perfected. Moreover, as this Court indicated should have

happened in *Romero*, DPS was informed of the deficiency with its appeal at the calendaring stage and summary dismissal was proposed. Because we remain unpersuaded that unusual circumstances exist in this case to warrant our considering DPS's untimely appeal, we dismiss.

For the reasons stated above and in this Court's notice of proposed disposition, we dismiss this appeal.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**ROBERT E. ROBLES, Judge**

_____

**TIMOTHY L. GARCIA, Judge**