This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**RUBY RIVERA,**

  Plaintiff-Appellant,

v.                                                                    **NO. 30,519**

**ZIA PARK, LLC, a Delaware Limited Liability Company,**

  Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Don Maddox, District Judge**

Templeman & Crutchfield, PA
Barry C. Crutchfield
Lovington, NM

for Appellant

Hinkle, Hensley, Shanor & Martin, L.L.P.
Jennifer M. Heim
Roswell, NM

Richard E. Olson
Roswell, NM

for Appellee

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Plaintiff appeals an order granting summary judgment to Defendant. We proposed to affirm in a notice of proposed summary disposition, and Plaintiff has filed a timely memorandum in opposition. Remaining unpersuaded by Plaintiff's memorandum, we affirm.

"Summary judgment is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Roth v. Thompson*, 113 N.M. 331, 334, 825 P.2d 1241, 1244 (1992). The court must resolve all reasonable inferences in favor of the nonmovant and must view the pleadings, affidavits, depositions, answers to interrogatories and admissions in a light most favorable to a trial on the merits. *See Carrillo v. Rostro*, 114 N.M. 607, 615, 845 P.2d 130, 138 (1992). Although all reasonable inferences are resolved in favor of the nonmovant, once the movant makes a prima facie showing that it is entitled to summary judgment, "the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth*, 113 N.M. at 334-35, 825 P.2d at 1244-45. The party opposing summary judgment "cannot rely on the allegations contained in its complaint or upon the argument or contention of counsel to defeat it. Rather, the opponent must come forward and establish with admissible evidence that a genuine issue of fact exists." *Ciup v. Chevron U.S.A., Inc.*,

1996-NMSC-062, ¶ 7, 122 N.M. 537, 928 P.2d 263 (citation omitted).

Plaintiff contends that the district court erred in granting summary judgment to Defendant because the sales contract between Defendant and Zia Partners, LLC (Partners) contains an indemnification clause requiring Partners to indemnify Defendant if Defendant was found liable for acts of Partners that occurred prior to the asset sale. [MIO 1-2] She claims that Partners' agreement to indemnify Defendant for claims that might be asserted by a third party should be construed as meaning that Defendant was the operator of a continuing business and functioned as Partners' agent for claims such as Plaintiff's. [MIO 2; RP 143-146 §§ 10.2-10.9, 192-195] We are unpersuaded.

As observed in our notice of proposed summary disposition, the sales contract between Defendant and Partners establishes that Defendant rejected any assumption of liability for matters occurring prior to the closing date of the sale. [RP 77, 95 §§ 1.3(I) and (k)] Therefore, Defendant is not liable for the debts and liability of Partners. *See Garcia v. Coe Mfg. Co.,* 1997-NMSC-013, ¶ 11, 123 N.M. 34, 933 P.2d 243 (recognizing the general rule that, absent a contractual provision to the contrary, a corporation which purchases the assets of another corporation will not be liable for the obligations and debts of the seller corporation). Given this language clearly rejecting assumption of liability, we fail to see how an indemnification agreement

between Defendant and Partners is sufficient to warrant a finding that Defendant should be liable on third party claims. The agreement only specifies that, in the event Defendant incurs certain costs and expenses, it can look to Partners for defense and reimbursement; it does not provide that Defendant is assuming any liability to compensate a third party such as Plaintiff who is asserting a claim.

In *Garcia*, our Supreme Court recognized four traditional exceptions to the general rule that a corporation purchasing the assets of another is not liable for the debts of the selling corporation: "'(1) where there is an agreement to assume those obligations; (2) where the transfer results in a consolidation or merger; (3) where there is a continuation of the transferor corporation; or (4) where the transfer is for the purpose of fraudulently avoiding liability.'" *Id.* ¶ 12 (quoting *Southwest Distrib. Co. v. Olympia Brewing Co.*, 90 N.M. 502, 505, 565 P.2d 1019, 1022 (1977)). Plaintiff has failed to make a showing that any of the traditional exceptions applies.

As previously discussed, there is no agreement by Defendant to assume these obligations. To the contrary, the sales contract clearly states that Defendant is not assuming the pre-existing debts and obligations of Partners, [RP 95 §§ 1.3(I) and (k)] and the provisions regarding Partners' indemnification of Defendant in no way suggest that Defendant agreed to assume Partners' obligations. Furthermore, Plaintiff has failed to cite to any authority supporting her contention that an indemnification

4

agreement entitles a third party such as herself to sue the indemnified party for claims it has against the indemnifying party. *Cf. In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that where a party cites no authority to support an argument, we may assume no such authority exists).

Despite the lack of any agreement, Plaintiff claims that the reasoning expressed by our Supreme Court in *Garcia* under "the continuation of enterprise exception" warrants imposing liability on Defendant for Plaintiff's injuries. [MIO 3-4] She claims that public policy should allow suit against Defendant because otherwise Plaintiff is barred from recovery given that the limitations period had expired so she could not bring suit against Partners. [MIO 3-4] We disagree.

As discussed in our previous notice, New Mexico has not yet recognized the continuation of enterprise exception. *See Garcia*, 1997-NMSC-013, ¶¶ 15-23 (noting that the continuation of enterprise and product-line exceptions have been rejected by many courts that have considered them but then holding that the product-line exception would be recognized as consistent with the Court's previous analysis of cases involving "liability for injuries caused by product design defects"). Plaintiff has failed to rebut the observation in our notice that we know of no cases in New Mexico where the continuation of enterprise exception has been adopted and applied.

Even if the continuation of enterprise exception might apply in some cases, we

continue to be of the opinion that this exception would not allow Plaintiff to pursue her claims against Defendant in this case. The exception, if it applies at all, only applies in cases of product liability. *See id.* ¶ 14 (recognizing that the factors at issue require consideration of whether the successor "utilizes the same *production . . . personnel,* [and] the same *methods of production*" (emphasis added)). Plaintiff has failed to make any showing that the public policy considerations relevant in a case involving product liability are similar to the considerations presented in Plaintiff's negligence case against Partners. [MIO 4; RP 192-195] *Cf. id.* ¶ 15 (recognizing that the decision of whether public policy considerations should prevail to allow the plaintiff to proceed against a successor corporation requires assessment of "the competing policies which underlie rules of contract and tort liability consistent with [our previous] products liability analysis").

Moreover, the public policy considerations identified in *Garcia* do not warrant protection of Plaintiff in this case because her recovery from Partners is not precluded because Partners "has dissolved, is defunct, or is otherwise unavailable to respond in damages" but only because she failed to name Partners as a party within the limitations period. *Id.* As discussed in our previous notice, we are unaware of any case law that would allow Plaintiff to proceed against Defendant merely because her claims against the proper party are barred by the expiration of the limitations period.

*See ITT Educ. Servs., Inc., v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (holding that, on review, we will not consider a proposition unsupported by citation to authority).

Finally, Plaintiff again claims that she was unaware of the nature of the sale of assets between Defendant and Partners. [MIO 2] However, she has failed to inform us of any case law holding that her ignorance of the assets purchase details should result in a finding that Defendant must answer for Plaintiff's injury. Therefore, we remain of the opinion that Plaintiff's ignorance does not warrant a reversal of the order granting summary judgment to Defendant.

**CONCLUSION**

For the foregoing reasons as well as those set forth in our notice of proposed disposition, we affirm the district court's order granting summary judgment to Defendant.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

7

_____

**LINDA M. VANZI, Judge**