This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ROBERT A. REHM, Trustee of the**
**Robert A. Rehm Revocable Trust**
**Dated June 4, 2007,**

    Plaintiff-Appellee,

v.                                                                              NO. 32,200

**PARRA FAMILY LIMITED PARTNERSHIP,**
**a New Mexico Partnership, and SECURITY**
**ESCROW CORPORATION, a New Mexico**
**Corporation,**

    Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

Segal & Whittaker, LLP
Jeannette Martinez Whittaker
Albuquerque, NM

for Appellee

The Allison Law Firm, P.C.
Michael Allison
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Appellant Parra Family Limited Partnership (Parra) appeals from the district court's order entering judgment terminating Parra's rights to property that was the subject of a real estate contract with Robert A. Rehm, as Trustee of the Robert A. Rehm Revocable Trust (Rehm). We affirm.

**BACKGROUND**

**{2}** In 2002, Rehm and Parra entered into a standard real estate contract (Contract). Parra agreed to pay Rehm $450,000 as the purchase price for certain commercial real property (the property) in Albuquerque, New Mexico. After several defaults by Parra on its obligations, the parties amended the Contract. Among other things, the November 2010 amendment required Parra to pay $23,000 in increased principal because of its uncured default, as well as all delinquent property taxes associated with the property. All other terms of the original Contract remained in force.

**{3}** By 2011, Parra was again in default as it had not paid the real estate taxes for 2009 and the first half of 2010 as required by the Contract and the amendment. Thus, in accordance with the terms of the Contract, Rehm mailed written notice to Parra

requiring payment of all delinquent taxes, penalties, and interest, plus costs. When Parra failed to make the payment, Rehm filed a complaint for declaratory judgment and injunction on June 30, 2011, seeking a release of the special warranty deed from escrow. The summons was served on Parra on July 20, 2011, and on August 19, 2011, Parra's counsel filed an entry of appearance. No answer was filed in response to the complaint.

{4}     Instead, on September 13, 2011, the parties filed a stipulation for settlement and/or judgment (Stipulation). Parra agreed in the Stipulation that (1) it was in default on the Contract and the subsequent amendment, (2) Rehm had provided valid notice to Parra but Parra had failed to cure the default, and (3) Rehm was entitled to the release of the special warranty deed. However, because Parra wanted to continue making the payments due and owing on the Contract, it agreed to make certain payments as specified in the Stipulation, including resuming regular monthly installments in the amount of $4,015 due on the 5th day of each month. The Stipulation—signed by both parties and their attorneys—also provided that if Parra did not make the payments as specified, upon the filing of an affidavit by Rehm's attorney, and "without further hearing or notice to Parra herein, [Rehm] shall be entitled to immediate entry of [j]udgment against Parra as prayed for in the [c]omplaint." The parties agreed that the matter would remain open in the district court until all the payments were met or default occurred.

3

{5} Eight days following entry of the stipulation, Parra filed a petition seeking Chapter 7 Bankruptcy protection, pursuant to which he was protected from creditors for a short period of time until the stay was lifted in January 2012. Shortly thereafter, in March 2012, Parra submitted a deficient and tardy payment of $2,900 for that month. This followed a pattern of late payments Parra had made by the 20th of each month, and not the 5th as required by the original Contract, its 2010 amendment, and the 2011 stipulation. Finally, based on the belated and incomplete March 2012 payment, which was also made by personal check instead of the required cashier check or money order and was therefore returned to Parra, Rehm exercised its right to terminate the Contract in accordance with the stipulation.

{6} Citing the Stipulation, on March 26, 2012, Rehm's attorney filed an affidavit of default in the pending district court case. Parra filed a motion to deny entry of proposed judgment and for ancillary relief on April 5, 2012, arguing that Rehm's motion was procedurally defective and substantively improper. Without a hearing, the district court entered judgment, terminating Parra's rights to the property on April 10, 2012. This appeal followed.

**DISCUSSION**

4

{7}     On appeal, Parra contends that its right to due process was violated, the rules of civil procedure were not followed, the district court effectively granted summary judgment despite disputed material facts, and the forfeiture was inequitable. Before we turn to any of Parra's arguments, we are compelled to first address the fact that Parra's brief in chief—like his docketing statement in this case—completely failed to inform this Court that the Stipulation agreed to by the parties and their attorneys *entitled* Rehm to a judgment against Parra if Rehm's attorney filed an affidavit asserting that Parra was in default.[1] That procedure, which is material to the consideration of the issues raised on appeal, provides:

> [Rehm] is willing to enter into such an agreement provided Parra stipulates and agrees to pay for [Rehm's] attorney[] fees and costs incurred in the enforcement of the Contract and make the payments as specified in this Stipulation for Settlement and/or Judgment, (hereinafter referred to as "Stipulation"), and agrees that should any of the payments not be made on the date specified and in the amount and in the manner required by this Stipulation, that [Rehm] will have the right to immediately enter a [j]udgment terminating Parra's rights in the [p]roperty and authorizing [Rehm] to retain all sums paid by Parra as liquidated damages for Parra's use of the property. The entitlement to this [j]udgment shall be by affidavit of [Rehm's] attorney that Parra did not make the payments as specified herein and, *upon filing of such an*

---

[1] We note also that Parra's brief in chief does not fully comply with Rule 12-213(A)(3) and (4) NMRA. Rule 12-213(A)(3) requires that the brief in chief include a summary of the facts relevant to the issues presented for review, and Rule 12-213(A)(4) requires a statement of the applicable standard of review. Counsel is reminded that the Appellate Rules promote the Court's efficient and timely resolution of issues on appeal and that failure to comply with them may have serious consequences for the parties. *See* Rule 12-312(D) NMRA.

*affidavit, and without further hearing or notice to Parra herein, [Rehm] shall be entitled to immediate entry of [j]udgment against Parra as prayed for in the [c]omplaint.*

(Emphasis added.) There is no dispute that Parra and its attorney voluntarily and knowingly agreed to the immediate-entry-of judgment provision in the Stipulation. Thus, notwithstanding Parra's attempt to get around the clear terms of the above provision by failing to raise its existence, we must consider Parra's arguments in light of the parties' agreement allowing for such judgment against Parra in the event of a default.

{8} With regard to Parra's contention that our rules of civil procedure were not followed because Rehm did not file a motion for relief pursuant to Rule 1-007 NMRA, thereby providing Parra with an opportunity to respond, Parra does not make any argument that the Stipulation, which waives its right to notice and hearing, should not apply here. In any event, Parra filed a motion to deny entry of proposed judgment, which was presumably considered by the district court before it entered the default judgment. *See Stinson v. Berry*, 1997-NMCA-076, ¶ 8, 123 N.M. 482, 943 P.2d 129 ("Where there has been no formal expression concerning a motion, a ruling can be implied by entry of final judgment or by entry of an order inconsistent with the granting of the relief sought."). Similarly, to the extent Parra contends that the lack of notice and opportunity to be heard violates due process, this Court recently relied on a United States Supreme Court case for the proposition that "a party properly

6

waived procedural due process protections by signing a contract which provided that a judgment could be entered without notice or a hearing because it was a sophisticated party represented by counsel, and it was not a contract of adhesion." *Chavez v. State Workers' Comp. Admin.*, 2012-NMCA-060, ¶ 27, 280 P.3d 927 (citing *D. H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 185 (1972)). Again, Parra makes no argument that the Stipulation did not waive its due process rights.

{9}    Finally, to the extent Parra argues that the district court failed to consider that Parra was disputing the facts alleged by Rehm, that the forfeiture was inequitable, and that principles of equitable estoppel apply, in our view the threshold issue we must consider is whether the district court was correct in upholding the immediate-entry-of-judgment procedure in the Stipulation. Parra admits that it tendered a check in the deficient amount of $2,900 on March 20, 2012. Thus, it was in default. Rehm was therefore entitled to an immediate entry of judgment against Parra upon the filing of an affidavit by Rehm's attorney asserting that Parra was in default. In neither its motion before the district court nor in its brief in chief on appeal has Parra offered any argument challenging the validity of the Stipulation. In particular, because its existence was never raised, Parra has not offered any argument establishing why it was error for the district court to hold the parties to the Stipulation's default provision

allowing for immediate entry of judgment.[2]  Consequently, we conclude that the district court properly entered judgment in this case.

**CONCLUSION**

{10}    For the foregoing reasons, we affirm the judgment of the district court.

{11}    **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**J. MILES HANISEE, Judge**

---

[2] In its reply brief, Parra ultimately concedes that the Stipulation provides that a forfeiture could occur if Parra "failed to abide by the payment schedule contained in the Stipulation." Parra argues, however, that notwithstanding this clear provision, the district court "was bound to consider all of the surrounding facts and circumstances" set forth in its motion to deny entry of judgment. We disagree, and Parra provides no support for its argument. This Court will not consider propositions that are unsupported by citation to authority. *ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969.