This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DEUTSCHE BANK NATIONAL TRUST COMPANY AS INDENTURE TRUSTEE FOR THE ENCORE CREDIT RECEIVABLES TRUST 2005-3,**

Plaintiff-Appellee,

v.                                                                    **No. A-1-CA-37129**

**CHRISTEE THOMSON STREETT f/k/a CHRISTEE T HALL a/k/a CHRISTEE T STREETT a/k/a CHRISTEE SANDIA THOMSON STREETT,**

Defendant-Appellant,

and

**DEPARTMENT OF THE TREASURY-INTERNAL REVENUE SERVICE, TAXATION AND REVENUE DEPARTMENT OF THE STATE OF NEW MEXICO, and WILLIAM HALL,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Rose L. Brand & Associates, PC
Eraina Marie Edwards
Albuquerque, NM

for Appellee

Christee Thomson Streett
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     As we have set forth in our previous order denying stay and our calendar notice, Defendant Christee Thomson Streett timely appeals only from the district court's order granting the writ of assistance. Because Defendant's docketing statement challenged only the foreclosure judgment underlying the writ of assistance, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum purporting to cite reasons to dismiss the writ of assistance. We have considered Defendant's response and remain unpersuaded that Defendant has established error in the district court's issuance of the writ of assistance.

{2}     Defendant's response to our notice continues to allege that she is the owner of the property and that Plaintiff Deutsche Bank National Trust Company did not establish standing to enforce the note on the property or Plaintiff procured the

judgment by fraud. [MIO 2] These are matters relevant to the May 2015 foreclosure judgment, which this Court specifically instructed Defendant were not permitted in this appeal that is timely only from the district court's writ of assistance. [Order 3; CN 2] Defendant also overlooks this Court's reference to *Deutsche Bank National Trust Co. v. Johnston*, 2016-NMSC-013, ¶ 34, 369 P.3d 1046, clarifying that standing in a foreclosure action is prudential, not a jurisdictional requirement, and the lack of standing does not render a foreclosure judgment voidable under Rule 1-060(B) NMRA. [CN 2] Defendant does not refer this Court to any authority indicating that her attacks on the underlying foreclosure judgment, from which she did not timely appeal, can provide relief from the writ of assistance. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority). We continue to be unpersuaded that she may pursue such attacks on the underlying foreclosure judgment at this late date.

{3}     Defendant makes no argument relative to the issuance of the writ of assistance separate from any of the preceding orders of the district court. We therefore affirm.

{4}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

3

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**JENNIFER L. ATTREP, Judge**