STATE V. FUENTES

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**RONALD JULIAN FUENTES,**
**Defendant-Appellant.**

Docket No. A-1-CA-35508
COURT OF APPEALS OF NEW MEXICO
March 5, 2019

APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY, Freddie J. Romero, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, John Kloss, Assistant Attorney General, Albuquerque, NM, for Appellee

Bennett J. Baur, Chief Public Defender, Nina Lalevic, Assistant Appellate Defender, Santa Fe, NM, for Appellant

**JUDGES**

JULIE J. VARGAS, Judge. WE CONCUR: LINDA M. VANZI, Judge, KRISTINA BOGARDUS, Judge

**AUTHOR:** JULIE J. VARGAS

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Defendant Ronald Julian Fuentes appeals the district court's determination that he was incompetent to stand trial and dangerous, pursuant to NMSA 1978, Section 31-9-1.2(B), (C) (1999). He raises two issues: (1) the district court erred by failing to sua sponte order a hearing to determine whether Defendant was mentally retarded as defined in NMSA 1978, Section 31-9-1.6(E) (1999); and (2) that defense counsel was

ineffective for failing to request such a hearing. We previously remanded this matter for a determination of whether Defendant is mentally retarded, and whether a civil commitment should have been ordered. On remand, and after conducting an evidentiary hearing, the district entered an order finding that Defendant was not mentally retarded. We dismiss Defendant's appeal as moot.

**BACKGROUND**

**{2}** In the approximate two-year period between March 2013 and May 2015, Defendant's competence was evaluated four times. In 2016 the district court entered a decision and order (order) on Defendant's competency, pursuant to NMSA 1978, Section 31-9-1.5 (1999). Based on the pleadings, exhibits, evaluations, testimony of witnesses and arguments of counsel, and notwithstanding that the parties had twice stipulated that Defendant was incompetent and dangerous pursuant to Section 31-9-1.2(B), (C), the district court "independently" found by clear and convincing evidence that Defendant was incompetent and dangerous. Based on its findings, the district court committed Defendant to the New Mexico Behavioral Health Institute for a period of twelve years, with hearings to be conducted every two years on the issues of trial competency and criminal dangerousness. This appeal followed. Defendant's appeal initially challenged only the district court's ruling on dangerousness.

**{3}** During the summary calendar process, on March 21, 2017, this Court filed a second notice of proposed summary disposition in which we remanded for "a determination of whether Defendant is mentally retarded, and whether a civil commitment should have been ordered in this case." Thereafter, and upon an oral motion by Defendant, the district court entered an ex parte order for a confidential forensic evaluation, directing the Department of Health to evaluate Defendant, to address "[i]ssues regarding competency to stand trial and for issues regarding mental retardation." Following evaluations by two separate experts and after an evidentiary hearing, the parties agreed that a third evaluation would be done. The third expert evaluated Defendant and issued a report stating that Defendant did not meet the definition of mentally retarded set out in Section 31-9-1.6(E). The parties stipulated to the findings in the report and defense counsel stipulated that the defense would be unable to establish by a preponderance of the evidence that Defendant fit the definition. The district court entered an order setting forth the above findings and concluding that "Defendant does not meet the definition set forth in [Section] 31-9-1.6(E) for a finding of mental retardation." The district court further concluded that "Defendant's appeal is now moot and this matter shall proceed in [d]istrict [c]ourt pending final resolution." Defendant nonetheless argues that we should consider the issue raised in his appeal because it is "on[e] of substantial importance that may affect defendants around the [s]tate whose cases are evading the [Section 31-9-1.6] procedure."

**{4}** As a general rule, appellate courts do not decide moot cases. *Republican Party of N.M. v. N.M. Taxation and Revenue Dep't*, 2012-NMSC-026, ¶ 10, 283 P.3d 853. However, New Mexico courts recognize two exceptions to the rule that moot cases should be dismissed: cases presenting an issue of substantial public interest, and cases

that are capable of repetition, yet evade review. *See id.* (explaining a substantial public interest involves a constitutional question or affects a fundamental right, and capable of repetition refers to an issue likely to arise in a future lawsuit regardless of the identity of the parties). "The [appellate c]ourt's review of moot cases that either raise an issue of substantial public interest or are capable of repetition yet evading review is discretionary." *Id.* Defendant contends that just as the trial court in this case failed to follow the procedures in the New Mexico Mental Illness and Competency Code, other cases like his "may be avoiding review because they were not appealed." Thus, he argues, we should exercise our discretion to give trial courts guidance on proper procedure in cases where a defendant is found incompetent and his incompetence may be attributable to mental retardation, rather than mental illness. We note that Section 31-9-1.6 sets out a procedure to obtain a ruling to determine whether a defendant is mentally retarded. *See* § 31-9-1.6(A) ("Upon motion of the defense requesting a ruling, the court shall hold a hearing to determine whether the defendant has mental retardation."). To the extent Defendant asks us to expand the statute to require district courts to order a hearing sua sponte to make a determination of mental retardation, we decline to do so. Defendant points to no facts or legal authority to suggest the district courts are in need of guidance beyond that which has already been statutorily provided, and we have found none. See *ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969. (concluding this Court will not consider propositions that are unsupported by citation to authority.) We decline to exercise our discretion to address a moot argument.

**{5}**    Defendant's appeal is dismissed.

**{6}    IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**KRISTINA BOGARDUS, Judge**