This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36611**

**DENISE JEVNE,**

Plaintiff/Counterdefendant-Appellant,

v.

**MARI KOOI,**

Defendant/Counterclaimant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Marrs Briebel Law Ltd.
Clinton W. Marrs
Albuquerque, NM

for Appellant

Sommer, Udall, Hardwick & Jones, P.A.
Jack N. Hardwick
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Judge**

**{1}** Plaintiff appeals from the district court's judgment awarding Defendant compensatory and punitive damages on Defendant's counterclaim against Plaintiff for abuse of process. Having reviewed the record and considered the parties' arguments on appeal, we affirm.

## BACKGROUND

**{2}** Plaintiff and Defendant were involved in business dealings regarding stock market forecasting software developed by Plaintiff. Plaintiff sued Defendant for fraud, breach of contract, conversion, unjust enrichment, use of trade secrets, and unauthorized use of proprietary information. Defendant counterclaimed, alleging abuse of process and misrepresentation. The case proceeded to trial, where the jury found against Plaintiff on all of her claims and in favor of Defendant on her malicious abuse of process counterclaim. The jury awarded Defendant $160,000 in compensatory damages and $100,000 in punitive damages.

## DISCUSSION

**{3}** On appeal, Plaintiff argues that the district court erred in denying her motions for a directed verdict and for judgment notwithstanding the verdict, contending that there was insufficient evidence to support the jury's award of Defendant's attorney fees, which apparently form the sole basis of Defendant's compensatory damage award. A party who moves for a directed verdict after all the evidence has been presented maintains its "right to challenge on appeal the sufficiency of the evidence supporting the jury's verdict." *Andrus v. Gas Co. of N.M.*, 1990-NMCA-049, ¶ 12, 110 N.M. 593, 798 P.2d 194. On appeal from a motion for directed verdict, we will not reweigh the evidence. *Gonzales v. Surgidev Corp.*, 1995-NMSC-036, ¶ 35, 120 N.M. 133, 899 P.2d 576. "We only examine whether substantial evidence supports the denial of a directed verdict after viewing the facts and all reasonable inferences in the light most favorable to the party resisting the motion." *Id.* Similarly, "denial of a judgment notwithstanding the verdict is reviewed for substantial evidence." *In re Estate of Strozzi*, 1995-NMCA-099, ¶ 13, 120 N.M. 541, 903 P.2d 852.

**{4}** In a malicious abuse of process claim, "[a] plaintiff may recover the normal expenses of defending against the underlying claim." *DeVaney v. Thriftway Mktg. Corp.*, 1998-NMSC-001, ¶ 38, 124 N.M. 512, 953 P.2d 277, *overruled on other grounds by Durham v. Guest*, 2009-NMSC-007, 145 N.M. 694, 204 P.3d 19. "[T]he tort of malicious abuse of process allows for recovery of attorney fees as compensatory damages." *Chapman v. Varela*, 2008-NMCA-108, ¶ 56, 144 N.M. 709, 191 P.3d 567, *rev'd on other grounds by*, 2009-NMSC-041, ¶¶ 1-2, 146 N.M. 680, 213 P.3d 1109. Plaintiff concedes that attorney fees are recoverable as damages in a malicious abuse of process claim. However, on appeal, she argues that Defendant was required to distinguish the costs associated with her defense of the wrongful litigation from those in pursuit of her counterclaims, and that she inadequately did so.

**{5}** Plaintiff argues that, in New Mexico, damages in a malicious abuse of process case should only be recoverable for defense against the wrongful suit, not for pursuit of the tort of malicious abuse of process itself, citing New Mexico cases along with out-of-state case law and treatises, in support of her position. *See Millennium Equity Holdings, LLC v. Mahlowitz*, 925 N.E.2d 513, 529 (Mass. 2010) (citing C. McCormick, Damages § 66 (1935) ("a claimant in a malicious prosecution or abuse of process action can recover attorney fees incurred in defending against the prior wrongful litigation; however, under the general rule, he or she cannot recover attorney fees incurred in

bringing the malicious prosecution or abuse of process action itself")); 54 C.J.S. Malicious Prosecution § 97 (1987) (same). We need not address this issue at this time because even if we assume Plaintiff is correct, *see Chapman*, 2008-NMCA-108, ¶ 56 ("[T]he tort of malicious abuse of process allows for recovery of attorney fees as compensatory damages."); *Dawley v. La Puerta Architectural Antiques, Inc.*, 2003-NMCA-029, ¶ 43, 133 N.M. 389, 62 P.3d 1271 (reiterating "that New Mexico follows the [so-called] American Rule, which does not ordinarily allow the recovery of attorney fees" in tort cases); *see also Tech. Computer Servs., Inc. v. Buckley*, 844 P.2d 1249, 1256 (Colo. App. 1992) ("Logically, the same rule should apply if the abuse of process claim is brought as a counterclaim to wrongful litigation rather than as a later separate action."); 2 D.B. Dobbs, Law of Torts § 440, at 1242 (2001) (stating that recovery for malicious abuse of process generally does not include counsel fees resulting from the "plaintiff's own counterclaims in the original suit"), we may still affirm in the present case, based on our conclusion that there was sufficient evidence to support the jury award for defense against the claims, as discussed further below.

{6}     We therefore turn to the undisputed facts to evaluate the sufficiency of the evidence regarding Defendant's attorney fees for defense of Plaintiff's claims against her. As pertinent to this issue, Defendant testified on direct examination as follows:

> Q.     Have you incurred attorney[] fees and expenses from defending this lawsuit?
>
> A.     Yes.
>
> Q.     So far, how much have you incurred in defending this lawsuit?
>
> A.     Including this week, which is expensive, over [$]160,000.

On cross-examination, Defendant testified that she did not know whether the attorneys' billing statements she received separately stated the time billed defending claims, from the time billed for prosecuting her counterclaims.

> Q.     So you don't know how much he charged defending against the claims versus prosecuting your counterclaim?
>
> A.     I answered that question already.
>
> Q.     And you answered you don't know?
>
> A.     I don't know.

This is the only evidence presented at trial regarding Defendant's damages—i.e., her attorney fees.

**{7}** The jury was instructed that if they decided in favor of Defendant on the malicious abuse of process claim, they "must then fix the amount of money which will reasonably and fairly compensate [Defendant] for any of the following elements of damages proved by the [Defendant] to have resulted from the malicious abuse of process: The attorney fees and expenses that [Defendant] incurred in connection with the defense of the lawsuit filed by [Plaintiff]." *See Muncey v. Eyeglass World, LLC*, 2012-NMCA-120, ¶ 21, 289 P.3d 1255 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (internal quotation marks and citation omitted)).

**{8}** Viewing the evidence in the light most favorable to the verdict and disregarding any inferences and evidence to the contrary, we hold that there was sufficient evidence for the jury to conclude that Defendant's attorney fees in defending against the wrongful litigation was $160,000. *Charles v. Regents of N.M. State Univ.*, 2011-NMCA-057, ¶ 15, 150 N.M. 17, 256 P.3d 29. Although Plaintiff contends that Defendant's cross-examination testimony that her costs "of this suit" total "something over $160,000," and Defendant's statement that she did not know exactly how much of the attorney fees went to defense and to counterclaims undermine her direct examination testimony, we reiterate that we disregard inferences and evidence contrary to the jury's determination, we defer to the jury's determinations regarding credibility of witnesses and reconciliation of inconsistencies or contradictory evidence, we do not reweigh the evidence, and we will not substitute our judgment for that of the jury. *Id.* ¶ 20; *see N.M. Taxation & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 20, 336 P.3d 436 (same). Indeed, "[t]he question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *Casias Trucking*, 2014-NMCA-099, ¶ 20 (internal quotation marks and citation omitted). We therefore affirm the district court's denial of Plaintiff's motions for directed verdict and judgment notwithstanding the verdict. *See Andrus*, 1990-NMCA-049, ¶ 12; *In re Estate of Strozzi*, 1995-NMCA-099, ¶ 13. Because we affirm the compensatory damages award, we need not consider Plaintiff's contention that punitive damages would be unsupported in the absence of compensatory damages.

**{9}** Plaintiff additionally contends that the district court applied the "wrong legal standard" to her motions; however, this argument merely restates Plaintiff's contention that a party is only entitled to attorney fees for defense against a wrongful suit. As we explained above, we need not resolve this legal issue because the evidence was sufficient in the present case to support the jury's determination that Defendant's compensatory damages for her defense against the wrongful suit were $160,000.

**{10}** Plaintiff also argues that Defendant failed to prove the reasonableness of the attorney fees as her damage award and that she "could have presented . . . an expert witness to offer a reasonableness opinion." However, the jury was asked to determine damages, which were comprised of Defendant's attorney fees and was required to "fix [an] amount of money which will reasonably and fairly compensate [Defendant] for any of the . . . elements of damages proved by [Defendant] to have resulted from the malicious abuse of process." *See Martinez v. N.M. Dep't of Transp.*, 2013-NMSC-005,

¶ 47, 296 P.3d 468 ("Questions of reasonableness are quintessential issues for a jury to resolve. In our system of justice, we place special confidence in juries to sort through conflicting evidence and come to a reasonable conclusion." (internal quotation marks omitted)). In fixing $160,000 as that amount, the jury clearly believed the amount of attorney fees Defendant claimed she accrued in defense of the wrongful litigation was reasonable and fair, and, again, we will not reweigh the evidence or substitute our judgment for that of the jury. *See Casias Trucking*, 2014-NMCA-099, ¶ 20.

**{11}** Further, although Plaintiff contends that "[t]here is no room to doubt that the jury recognized this problem" because the jury requested copies of the attorney fees and expenses and stated that it could not base its verdict upon speculation, guess, or conjecture, we are unpersuaded. First, the jury's request does not indicate that it was questioning the reasonableness of Defendant's attorney fees, and, second, as Defendant points out, the jury may have been seeking to award Defendant *more than* $160,000 in compensatory damages, but did not feel it could do so without anything more explicit than Defendant's testimony that she spent "over $160,000" in defending against the lawsuit.

**{12}** Moreover, Plaintiff has failed to point to where in the record she preserved her argument that the reasonableness of a party's attorney fees, when raised as a part of damages, must be independently proven—by expert testimony or otherwise—and has not argued that this rises to the level of fundamental error. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."); *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue."); *see also Estate of Gutierrez ex rel. Jaramillo v. Meteor Monument, L.L.C.*, 2012-NMSC-004, ¶¶ 32–33, 274 P.3d 97 (stating that we apply the doctrine of fundamental error in civil cases "under the most extraordinary and limited circumstances"); *State v. Barber*, 2004-NMSC-019, ¶¶ 8, 14, 135 N.M. 621, 92 P.3d 633 (stating that the "doctrine of fundamental error applies only under exceptional circumstances and only to prevent a miscarriage of justice" and "is to be resorted to in criminal cases only for the protection of those whose innocence appears indisputabl[e], or open to such question that it would shock the conscience to permit the conviction to stand"); *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."). "Absent that citation to the record or any obvious preservation," we decline to further consider the issue. *Crutchfield*, 2005-NMCA-022, ¶ 14.

**{13}** Finally, Plaintiff argues that Defendant failed to mitigate her damages. However, this argument is unsupported by any relevant authority that persuades us that Defendant needed to prove that she mitigated her attorney fees in order to justify the jury's award. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). We therefore decline to consider this argument further as well. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M.

244, 959 P.2d 969 (reiterating that issues raised on appeal that are unsupported by cited authority will not be considered on appeal).

**{14}**    For these reasons, we affirm.

**{15}    IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**BRIANA H. ZAMORA, Judge**