This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41511**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

　　　　Petitioner-Appellee,

v.

**TALIEHA P.,**

　　　　Respondent-Appellant,

and

**BRYAN D.,**

　　　　Respondent,

**IN THE MATTER OF AUSTIN D.,**

　　　　Child.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Grace B. Duran, District Court Judge**

Children, Youth & Families Department
Mary E. McQueeney, Chief Children's Court Attorney
Santa Fe, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

ChavezLaw LLC
Rosenda Chavez-Lara
Sunland Park, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Respondent Talieha P. (Mother) appeals from the district court's order adjudicating Child as neglected. We issued a calendar notice proposing to affirm. Mother has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Our notice proposed to affirm based on our suggestion that (1) the evidence was adequate to support the district court's conclusion that Child was without parental care and control or subsistence due to Mother's refusal to provide for him; and (2) Mother failed to demonstrate reversible error with regard to her assertion that it was not appropriate for the Children, Youth, and Families Department (CYFD) to file a petition in this case. [CN 5] *See* NMSA 1978, § 32A-4-2(G)(2) (2018, amended 2023) (providing that a child is neglected when left "without proper parental care and control or subsistence, education, medical, or other care or control necessary for the child's well-being because of . . . the failure or refusal of the parent, guardian or custodian, when able to do so, to provide them"). [CN 4]

**{3}** In her memorandum in opposition, Mother continues to assert that CYFD failed to meet its burden of showing by clear and convincing evidence that Child was neglected. [CN 3; MIO 8-9] Rather than identify deficiencies in the evidence supporting the neglect adjudication, however, Mother identifies facts in the record that, in her estimation, indicate "Child was already basically emancipated." [MIO 9] For instance, Mother points out that when CYFD filed its petition, she "was no longer in [Child's] life or responsible for him." [MIO 9] As Mother has failed to identify any facts to indicate she provided Child with "parental care and control or subsistence, education, medical, or other care" or explain how CYFD's evidence was deficient, we conclude that Mother has failed to establish error in our proposed conclusion that the evidence was adequate to support the neglect adjudication. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{4}** In addition, Mother asserts that, rather than seeking to adjudicate Child as neglected, "CYFD's resources would have been better spent assisting child to become emancipated." [MIO 9-10] Nothing in the Children's Code, however, limits CYFD's ability to file a petition like the one in this case. Mother's general citations to the Emancipation of Minors Act, NMSA 1978, §§ 32A-21-1 to -7 (1995), which defines emancipation and

its consequences, does not support her assertion that CYFD's actions in this case were improper. [MIO 11] *See also ITT Educ. Servs., Inc. v. N.M. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority); *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (explaining that where arguments are not supported by cited authority, we presume counsel was unable to find supporting authority, will not research authority for counsel, and will not review issues unsupported by authority).

{5}     Furthermore, we note that Mother continues to argue that her appeal is not moot—despite also claiming that it is moot elsewhere in her memorandum in opposition. [MIO 10, 13, 15] Because Mother's argument seeks "review of the substantive merits of her appeal" and she has now received such review, we do not address Mother's mootness argument further.

**CONCLUSION**

{6}     For the reasons stated in our notice of proposed disposition and herein, we affirm.

{7}     **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**J. MILES HANISEE, Judge**