This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41860**

**RICKY KURT WASSENAAR,**

      Plaintiff-Appellant,

v.

**NEW MEXICO CORRECTIONS
DEPARTMENT,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Maria Sanchez-Gagne, District Court Judge**

Ricky K. Wassenaar
Tucson, AZ

Pro Se Appellant

Allen Law Firm, LLC
Michelle Marie Lalley Blake
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** Plaintiff appeals from the district court's order granting Defendant's motion for summary judgment. In this Court's notice of proposed disposition, we proposed to summarily reverse. Defendant has filed no memorandum in opposition, and the time for doing so has passed. Plaintiff filed a memorandum in support (MIS) in which he states his agreement with our proposed disposition and further addresses two of the issues raised in his docketing statement, reiterating his assertion as to one such issue and clarifying his assertion as to the other. Unpersuaded by Plaintiff's requests that we

modify our proposed disposition in light of his MIS, we rely on the reasoning set out in this Court's notice of proposed disposition and, along with additional explanation contained herein regarding Plaintiff's clarified assertion, reverse on that basis.

**{2}**     In his MIS, Plaintiff first maintains that the district court erred in denying his motion to correct the filing date of his complaint. [MIS 3] Plaintiff has not presented in his MIS any facts, authority, or argument that persuades this Court of any error in our reasoning and conclusion on this issue as set forth in our proposed disposition. Plaintiff's MIS next addresses his assertions regarding Rule 5-802(C)(2) NMRA, which sets forth limitations pertaining to petitions for writs of habeas corpus challenging the conditions of confinement. On this issue, Plaintiff now clarifies the assertion he intended to convey in his docketing statement: that Rule 5-802(C)(2) applies to all civil actions initiated by the New Mexico Corrections Department (NMCD) inmates while incarcerated. Based on this clarification, Plaintiff reiterates his assertion that the statute of limitations for filing a complaint against NMCD should be tolled by Rule 5-802(C)(2)'s exhaustion requirement. [MIS 3-4] Plaintiff does not support this clarified assertion with citation to relevant authority, suggesting instead that the issue is novel. [MIS 4] Despite such suggestion, we emphasize that this Court will not consider propositions that are unsupported by citation to authority. *See ITT Educ. Servs., Inc. v. N.M. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969; *see also Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). To the extent that Plaintiff's clarified assertion on this issue constitutes opposition to our proposed disposition, we conclude that he has failed to identify any factual or legal error therein. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{3}**     For the reasons stated in our notice of proposed disposition and herein, we reverse the district court's order granting Defendant's motion for summary judgment and remand this case to the district court for proceedings consistent with this opinion.

**{4}     IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**