This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36964**

**RUSSELL DOBKINS,**

Plaintiff/Counterdefendant-
Appellant/Cross-Appellee,

v.

**MARIA HIRSCHTER,**

Defendant/Counterclaimant-
Appellee/Cross-Appellant,

and

**ESKER MAYBERRY and LINDA MAYBERRY,**

Counterclaimants/Cross-Appellants.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Jennifer E. DeLaney, District Judge**

Russell Dobkins
Gila, NM

Pro Se Appellant

Lopez, Dietzel, & Wallace, P.C.
Cathryn L. Wallace
Silver City, NM

for Appellee and Cross-Appellants

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** This case involves cross-appeals by Plaintiff Russell Dobkins and Defendant Maria Hirschter with co-counterclaimants, Esker and Linda Mayberry (the Mayberrys), challenging the district court's decision regarding Plaintiff's right of first refusal as to certain property rights. Concluding the parties have advanced no basis for reversal, we affirm.

**BACKGROUND**

**{2}** This case arises from a contract dispute between Plaintiff and Defendant regarding the right of first refusal held by Plaintiff as to a parcel of land and the water rights thereto. In 1987 Plaintiff and Jerry W. Huckaby purchased agricultural property in Gila, New Mexico, for $42,000. Two years later, Plaintiff and Huckaby drew up an agreement (the 1989 agreement) dividing the property in half, each receiving four acres of land with three acres of water rights. The 1989 agreement also specified that "if either party or the heirs of either party decide to sell[,] we agree to give the other party the first right of refusal on buying the land."

**{3}** The property at issue is the four acres of land with three acres of water rights owned by Huckaby (the Huckaby property), which was deeded to Defendant, Huckaby's wife, in 2013 after Huckaby's death. On September 21, 2015, Defendant sent Plaintiff a copy of a contract between Defendant and the Mayberrys[1] for the sale of the Huckaby property for $55,000, along with a letter to Plaintiff requesting an answer as to whether Plaintiff would be exercising his right of first refusal (referred to herein as the "first offer"). Significantly, the letter specified that the attached contract was for the sale of "land and water rights," but the contract itself included the legal description of the property and specified the sale was for "raw land." Plaintiff responded with a letter, stating "I hereby give notice of my intent to exercise my 'First Right of Refusal' to [p]urchase the Huckaby property, including the [four] acres of land and [three] acres of water rights, at the price of $55,000, cash." (Emphasis omitted.)

**{4}** Several days later, Defendant sent Plaintiff's counsel a letter stating that Plaintiff incorrectly assumed the Huckaby property's water rights were part of the contract for sale between Defendant and the Mayberrys. Defendant specified that if Plaintiff wished to purchase the water rights to the Huckaby property, an additional $24,000 would be added to the sale price. Defendant objected in writing to what he characterized as a change in the terms of the proposed contract and indicated he would only enter into a contract for sale of the Huckaby property (land and water rights) if it was appraised and sold for its fair market value. In response, Defendant wrote Plaintiff, stating that the Huckaby property was no longer for sale.

**{5}** On February 17, 2016, Defendant once again sent Plaintiff a copy of a contract between Defendant and the Mayberrys for the sale of the Huckaby property along with a letter explaining that Plaintiff had until April 3, 2016, to either match the Mayberrys' offer

---

[1]The Mayberrys joined as co-counterclaimants to the lawsuit, pursuant to Rule 1-020 NMRA, asserting an equitable interest in the Huckaby property and an identical counterclaim as Defendant's. On appeal, the Mayberrys appear as co-counterclaimants and cross-appellants with Defendant.

or decline to do so in accordance with Plaintiff's right of first refusal (referred to herein as the "second offer"). The enclosed contract specified it was for the sale of four acres of raw land and explicitly stated, "This agreement does not include the water rights." On March 31, 2016, Plaintiff's counsel sent a letter to Defendant entitled "Notice of Non-Relinquishment of Right of First Refusal and Intent to Initiate Legal Action in Grant County District Court," indicating that Plaintiff was not relinquishing his right of first refusal and that he intended to pursue judicial relief.

{6}    Several months later, Plaintiff filed the lawsuit at issue on appeal, asserting breach of contract, intentional interference with contractual relations, breach of the covenant of good faith and fair dealing, and seeking specific enforcement of contract based upon the first offer and injunctive relief. Defendant and the Mayberrys (collectively Cross-Appellants) asserted a counter-claim, requesting the court to declare Plaintiff's right of first refusal void and unenforceable. After a bench trial, the district court issued a final order, making numerous findings and conclusions. In relevant part, the district court concluded that Plaintiff maintained a right of first refusal for both the land and water rights of the Huckaby property, but Plaintiff's right to purchase the land was limited to the offered price of $55,000 and had to be exercised within thirty days. Plaintiff apparently exercised the right to purchase the Huckaby property land for $55,000.[2]

{7}    In declining to enforce the first offer, the district court found that the first offer was an invitation to negotiate and not a firm offer to contract. The district court reasoned that while the letter clearly indicated Defendant's willingness to contract, the material terms of the proposal were unclear. Specifically, the district court noted the apparent ambiguity between the terms outlined in the letter, which included land and water rights, and the terms of the contract itself, which specified only raw land. The district court also credited Defendant's testimony that "the only thing she intended to propose to [Plaintiff] was the sale of the land." The district court found "there was no mutual assent between the parties as to the material element of whether or not water rights were included in the sale, and therefore, no contract could be formed" as to the first offer.

{8}    Plaintiff filed a motion to reconsider the court's judgment, which the district court denied after a hearing. Plaintiff and Cross-Appellants both appeal. We address each in turn.

**DISCUSSION**

---

2On appeal, Plaintiff requests that this Court order Defendant to quit claim the water rights associated with the Huckaby property, refund him $14,200 (which he claims is the amount he paid over the appraised value), pay overdue taxes, and pay his attorney's fees. Plaintiff cites no authority in support of his requested relief, nor does he explain whether this relief is even within the purview of this Court. Consequently, we do not consider these requests. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't of State of N.M.*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 246, 959 P.2d 969 (providing that where a party "cites no authority for [a] proposition . . . it will not be considered [on] appeal").

## I.      Plaintiff's Appeal

**{9}**      Plaintiff appeals as a self-represented litigant, and while his arguments on appeal are not entirely clear, we understand them to be as follows: (1) the district court erred in determining that the terms of the first offer were ambiguous and unenforceable; (2) the district court's ruling was contrary to New Mexico water law; and (3) the district court erred in precluding Plaintiff from presenting legal argument at the hearing on his motion to reconsider, during which Plaintiff's attorney argued on his behalf.

**{10}**      We do not reach the merits of Plaintiff's appeal, however, because of deficiencies in his briefing. "Although pro se pleadings are viewed with tolerance, a pro se litigant, having chosen to represent himself, is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Woodhull v. Meinel*, 2009-NMCA-015, ¶ 30, 145 N.M. 533, 202 P.3d 126 (internal quotation marks and citation omitted). Of relevance here, our case law has long provided that where a party fails to cite any portion of the record to support its factual assertions, this Court need not consider the party's argument on appeal. *See Santa Fe Expl. Co. v. Oil Conservation Comm'n*, 1992-NMSC-044, ¶ 11, 114 N.M. 103, 835 P.2d 819. Additionally, this Court will not consider propositions that are unsupported by citation to authority, *ITT Educ. Servs., Inc.*, 1998-NMCA-078, ¶ 10, and where a party cites no authority to support an argument, we may assume no such authority exists, *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329. *See also* Rule 12-318(A)(4) NMRA (requiring that the brief in chief contain "an argument which, with respect to each issue presented, shall contain a statement of the applicable standard of review, the contentions of the appellant, and a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, transcript of proceedings, or exhibits relied on").

**{11}**      Plaintiff's three-page brief in chief cites no legal authority to support the arguments therein and includes no citations to the record to support its factual assertions. Simply stated, Plaintiff's arguments are not amply developed for our review. For instance, as for Plaintiff's primary claim that the district court erred in determining the terms of the first offer were ambiguous and unenforceable, Plaintiff seems to contest the district court's factual findings but mentions only evidence (without proper citation to the record) supporting his position and fails to acknowledge contrary evidence presented at trial—running afoul of our appellate standard of review. *See Jones v. Schoellkopf*, 2005-NMCA-124, ¶ 8, 138 N.M. 477, 122 P.3d 844 ("[W]e review the evidence in the light most favorable to support the trial court's findings, resolving all conflicts and indulging all permissible inferences in favor of the decision below."); *In re R.W.*, 1989-NMCA-008, ¶ 7, 108 N.M. 332, 772 P.2d 366 (deferring to the district court "to weigh conflicting evidence and decide where the truth lies").

**{12}**      This Court will not rule on such inadequately briefed issues because to do so would mean that we "would have to develop the arguments [ourselves], effectively performing the parties' work for them." *Elane Photography, LLC v. Willock*, 2013-NMSC-

040, ¶ 70, 309 P.3d 53. Because of this, we decline to address Plaintiff's arguments further. *See id.* ¶ 71 (declining to review inadequately briefed issue).

## II.     The Cross-Appeal

**{13}**    Cross-Appellants argue the district court erred in determining that Plaintiff retained his right of first refusal to purchase the Huckaby property land for $55,000. Specifically, they argue that Plaintiff relinquished his right of first refusal when he initiated a lawsuit instead of entering into the proposed contract set out in the second offer and that the district court lacked authority to confirm Plaintiff's right.[3]

**{14}**    Cross-Appellants have not demonstrated whether or how they preserved this argument below as required by our appellate rules. *See* Rule 12-318(A)(4) (requiring that the brief in chief contain "a statement explaining how the issue was preserved in the court below"). "To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717. Such preservation allows the district court to timely correct error and avoid appeal, provides the opposing party a fair opportunity to respond to the claimed error, and creates a record sufficient for appellate review. *Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 56, 146 N.M. 853, 215 P.3d 791. "Thus, on appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue." *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273.

**{15}**    From our review of the record, it does not appear Cross-Appellants invoked a ruling of the district court on, or otherwise adequately preserved for review, the issue of whether Plaintiff abandoned his right of first refusal by initiating a lawsuit instead of accepting the second offer. *See id.* Although Cross-Appellants contended below that Plaintiff could not exercise his right of first refusal, they did so on different grounds— arguing that the right of first refusal was moot because it was incident to a partnership between Plaintiff and Huckaby, which was later dissolved. The district court rejected this argument, and Cross-Appellants have not challenged this ruling on appeal, choosing instead to advance another argument. Given the lack of a preservation statement by Cross-Appellants and the absence of any apparent preservation, we need not consider this issue. *Id.*

---

[3] Cross-Appellants alternatively argue that "if [Plaintiff] rejected the [first] offer, or accepted it and then rescinded the contract, his right of first refusal lapsed." This argument, however, is contrary to the district court's findings that the first offer amounted only to an invitation to deal and not a firm offer that could be accepted to form a contract. Because Cross-Appellants have failed to challenge these findings, they are conclusive. *See* Rule 12-318(A)(4) ("The argument shall set forth a specific attack on any finding, or the finding shall be deemed conclusive."). We thus accept Cross-Appellants' concession that, given no contract could be formed as to the first offer, "[Plaintiff] continued to hold a right of first refusal" prior to the second offer.

**{16}**  But even if we assume the argument is preserved, Cross-Appellants have failed to overcome the presumption of correctness we apply on appeal in favor of the trial court. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the trial court erred); *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error). Cross-Appellants claim that Plaintiff "relinquished [his right of first refusal by going to court] and the [district] court lacked the authority to give it back to him." These contentions, however, are not supported by persuasive authority. As for Plaintiff's relinquishment of his right of first refusal, Cross-Appellants cite only *Corbin on Contracts* for the general proposition that the power to exercise a right of first refusal lasts for only a "very short" period of time. Cross-Appellants, however, have not explained how this proposition applies under the circumstances of this case—where a party seeks judicial review of a right of first refusal because of ambiguous contractual terms. As for the district court's lack of authority to confirm Plaintiff's right of first refusal, Cross-Appellants cite only *United Properties Ltd. v. Walgreen Properties, Inc.*, 2003-NMCA-140, 134 N.M. 725, 82 P.3d 535, for the general proposition that courts "will not use equitable principles to save a party from the circumstances it created." *Id.* ¶ 31 (internal quotation marks and citation omitted). Our statement in *United Properties* was made in the context of a clear and unambiguous contract. *Id.* ¶ 12. As a result, we find *United Properties* inapposite here—where the terms of the first offer were made ambiguous by the actions of Defendant and this ambiguity led, at least in part, to the legal dispute in this case.

**{17}**  In short, the cited authorities do not support Cross-Appellants' argument that Plaintiff relinquished his right of first refusal by filing suit and the district court lacked authority to recognize such a right. We therefore assume no such authority exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2 ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority. We therefore will not do this research for counsel. Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal." (citation omitted)). Given Cross-Appellants' failure to adequately support their assertions of error, we decline to address their contentions further and conclude Cross-Appellants have not met their burden to establish the district court erred. *See Corona*, 2014-NMCA-071, ¶ 28; *see also Farmers, Inc.*, 1990-NMSC-100, ¶ 8.

**CONCLUSION**

**{18}**  For the foregoing reasons, we affirm.

**{19}  IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**BRIANA H. ZAMORA, Judge**