This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41300

HAWK SITE MASTER ASSOCIATION,
INC., a New Mexico non-profit corporation,

Plaintiff-Appellee,

v.

APRIL HERRERA,

Defendant-Appellant,

and

MIDFIRST BANK and THE OCCUPANTS
OF THE PROPERTY,

Defendants.

APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY
James A. Noel, District Court Judge

LeeAnn E. Werbelow
Rio Rancho, NM

for Appellee

April Herrera
Rio Rancho, NM

Pro Se Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Appellant April Herrera appeals from the district court's order granting damages to Appellee Hawk Site Master Association, a homeowner association, and permitting Appellee to foreclose upon a lien on Appellant's property. In this Court's notice of proposed disposition, we proposed summary affirmance. Appellant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In her memorandum in opposition, Appellant continues to argue that the district court erred by failing to give her "an extension to show [her] evidence" where she requested the extension due to illness, and noting that she is still "going through stuff that [she had] been hospitalized for weeks." [MIO PDF 2] We note that this Court considered this argument in detail in our proposed summary disposition and based upon our review of the record proper, proposed to conclude that the district court did not err in denying Appellant's motion for a continuance or extension of time. [CN 5-6] Appellant has not addressed this Court's proposed conclusion, nor has she asserted any facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Thus, we cannot conclude there is any merit to Appellant's arguments regarding extensions of time or a continuance.

**{3}** Also in her memorandum in opposition, Appellant continues to argue that the district court was biased against her. Appellant claims that the district court judge was not in her favor after he found out that the father of Appellant's children is "intertwined with the courts in Rio Rancho." [MIO PDF 2] Again, we note that this Court considered this argument in detail in our proposed summary disposition and based upon our review of the record proper, proposed to conclude that Appellant had not raised a meritorious issue of judicial bias in the district court. [CN 6-8] Appellant has not addressed this Court's proposed conclusion, nor has she asserted any facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy*, 1998-NMCA-036, ¶ 24; *Mondragon*, 1988-NMCA-027, ¶ 10. Thus, we cannot conclude there is any merit to Appellant's arguments regarding judicial or courthouse bias.

**{4}** We note that Appellant's memorandum in opposition seems to raise some undeveloped defenses as to why Appellant did not pay her homeowner association assessments, or as to Appellant's belated attempts to pay her homeowner association assessments. To the extent that this Court may consider these arguments in Appellant's memorandum in opposition, we must construe these claims as a motion to amend Appellant's docketing statement. *See* Rule 12-210(D)(2) NMRA (stating that "[t]he parties shall not argue issues that are not contained in . . . the docketing statement[, but that t] he Court may, for good cause shown, permit the appellant to amend the

docketing statement" and that "[t]he appellant may combine a motion to amend the docketing statement . . . with a memorandum in opposition").

{5}     In order for this Court to grant a motion to amend the docketing statement, the movant must meet certain criteria that establish good cause for our allowance of such amendment. *See State v. Moore*, 1989-NMCA-073, ¶¶ 41-42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309. The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are that (1) the motion be timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *Moore*, 1989-NMCA-073, ¶ 42. In this case, to the limited extent that Appellant's arguments are developed on appeal, we conclude that Appellant's motion to amend the docketing statement to assert any defenses Appellant may have raised below is not viable, and there is no merit to Appellant's claims. We note that this Court "will not review unclear arguments, or guess at what [a party's] arguments might be." *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076; *see also Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

{6}     Based upon this Court's review of the record proper, it appears that Appellant wished to advance an argument that she did not pay her homeowner association assessment "because they caused damages to [her] home." [MIO PDF 2] We note that her argument is significantly undeveloped before this Court, and it was Appellant's burden to develop the record before this Court. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."); *In re Estate of Heeter*, 1992-NMCA-032, ¶ 15, 113 N.M. 691, 831 P.2d 990 ("This [C]ourt will not search the record to find evidence to support an appellant's claims."). Nonetheless, based on this Court's review of the record proper, Appellant seems to claim that debris in the road caused flat tires and damage to Appellant's car, and we note that Appellant attached an email indicating that Appellant had reported this damage to Appellee. [1 RP 61-64, 218-20] However, this Court cannot discern how this damage to Appellant's car and tires may have presented a defense for Appellant. Appellant has not presented this Court with any case law that would suggest that damage to Appellant's car and tires would have excused or abated Appellant's homeowner association assessments. This Court has reviewed the covenants between Appellee and Appellant that were made part of the record proper, and they do not appear to support Appellant's claims. [1 RP 106-51] Furthermore, Appellant has not pointed this Court to a single legal citation that would elucidate how this argument might be availing to Appellant. Our case law recognizes that the failure to cite legal authority to support an argument constitutes grounds for refusing to review an issue. *See ITT Educ. Servs., Inc. v. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (refusing to consider a proposition that was unsupported by citation to authority). Therefore, to the extent Appellant claims the

district court erred by refusing to consider her defense regarding damage to her car and tires, we conclude there was no error.

{7}     Additionally, it appears that Appellant wishes to assert that she was "trying to pay" the assessments. [MIO PDF 2] Appellant appears to claim that she was given inconsistent information regarding payment from an employee named "Barbara," who acknowledged that information regarding the damage to Appellant's car was not relayed to "corporate" during the COVID-19 pandemic. [MIO PDF 2, 3] Again, these assertions in Appellant's memorandum in opposition are not developed any further. To the extent that this Court can discern that Appellant is claiming that she was excused from paying assessments, or that she attempted to pay assessments but the checks "weren't cashed," Appellant has not shown error by the district court. [MIO PDF 3] *See Muse*, 2009-NMCA-003, ¶ 72; *see also In re Estate of Heeter*, 1992-NMCA-032, ¶ 15 ("This [C]ourt will not search the record to find evidence to support an appellant's claims."). Nonetheless, based upon this Court's review of the record proper, it does appear that Appellee gave Appellant several notices regarding her nonpayment of assessments, for a significant length of time. It appears that, through counsel, Appellee sent Appellant two demand letters regarding her past due account, on May 12, 2021, and July 1, 2021. [1 RP 7-18] These letters were submitted to the district court as exhibits to Appellee's complaint, which was filed on August 31, 2021. [1 RP 1-24] This Court notes that the parties met for alternative dispute resolution, apparently on February 25, 2022 [1 RP 48], which did not result in a settlement, per the outcome report of the facilitator on March 15, 2022 [1 RP 49]. To the extent that Appellant may have attempted to pay past due assessments, the checks that Appellant entered into the record proper are dated March 4, 2022, April 13, 2022, and June 24, 2022. [1 RP 221-25] Appellant has not provided this Court with any case law or legal authority that would allow this Court to conclude that those checks, submitted at those late dates, may have provided Appellant with a defense that the district court should have considered. Again, failure to cite legal authority to support an argument constitutes grounds for refusing to review an issue. *See ITT Educ. Servs., Inc.*, 1998-NMCA-078, ¶ 10. Therefore, to the extent Appellant claims the district court erred by refusing to consider her difficulties regarding the payment process or her belated attempts to pay the past due assessments, we conclude there was no error.

{8}     Accordingly, we deny the construed motion to amend Appellant's docketing statement as nonviable and for the reasons stated in our notice of proposed disposition and herein, we affirm the district court.

{9}     **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**KATHERINE A. WRAY, Judge**