This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41230**

**DAVID S. PETERSON,**

     Plaintiff-Appellant,

v.

**VINCE HORTON; GEO GROUP, INC.;
and GUADALUPE COUNTY CORRECTIONAL
FACILITY,**

     Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF GUADALUPE COUNTY
Flora Gallegos, District Court Judge**

David S. Peterson
Clayton, NM

Pro Se Appellant

YLAW, P.C.
Michael S. Jahner
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Plaintiff David S. Peterson appeals the district court's order dismissing his claim under the New Mexico Inspection of Public Records Act (IPRA or the Act), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2023), against Defendants Vince Horton (Warden Horton), GEO Group, Inc. (GEO Group), and the Guadalupe County Correctional Facility (GCCF). On appeal, Plaintiff argues that GCCF is a public body for the purposes of IRPA and therefore is a proper party to this action and that GEO Group

and Warden Horton collectively are custodians of public record for the purpose of IPRA. We determine that the record does not contain sufficient evidence to conclude that GCCF is a public body and the district court erred in dismissing this case on those grounds. We agree that GEO Group and Warden Horton are the proper parties to this action, and reverse and remand for further proceedings.

## BACKGROUND

**{2}** At the time he filed his complaint, Plaintiff was an inmate at GCCF. In his IPRA request, Plaintiff sought all accounting records of the GCCF for the last ten years concerning the inmate welfare fund and the prison canteen. Plaintiff submitted three requests for these records addressed separately to the records custodian of the New Mexico Corrections Department (NMCD), the records custodian of Guadalupe County of New Mexico, and to the attorney of Warden Horton, the then warden of GCCF.

**{3}** NMCD replied to Plaintiff stating that it contracted with GCCF, which in turn contracts with Guadalupe County, and if he had not already contacted them, he should do so regarding his request. Guadalupe County replied to Plaintiff stating that the records requested were not held by Guadalupe County, but by GEO Group, a private corporation who operates GCCF. The reply also stated that Guadalupe County would forward Plaintiff's request to Warden Horton, the warden of GCCF, who was employed by GEO Group. Warden Horton's attorney replied to Plaintiff stating that he is not a custodian of public records and his request should be directed to the "proper custodian at NMCD."

**{4}** After receiving Defendants' responses, Plaintiff sought a writ of mandamus alleging that Warden Horton, GEO Group, and GCCF had violated IPRA. Defendants filed a cross-motion for summary judgment arguing that GCCF is not a party amenable to suit, and that Warden Horton is not a custodian of records for IPRA. The district court held a hearing and ordered Defendants to produce the records initially requested by Plaintiff. Defendants filed a motion for reconsideration, which the district court granted. The district court dismissed Plaintiff's IPRA complaint, stating that GCCF is "neither a person nor a business entity" and therefore not a proper party, and that GEO Group, together with Warden Horton, is a third-party private entity and not the official custodian of record. Plaintiff appeals.

## DISCUSSION

**{5}** "Summary judgment is reviewed on appeal de novo." *Juneau v. Intel Corp.*, 2006-NMSC-002, ¶ 8, 139 N.M. 12, 127 P.3d 548. We review the evidence "in the light most favorable to the party opposing summary judgment." *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146. "In New Mexico, summary judgment may be proper when the moving party has met its initial burden of establishing a prima facie case for summary judgment." *Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 10, 148 N.M. 713, 242 P.3d 280. "Once this prima facie showing has been made, the burden shifts to the non[]movant to demonstrate the

existence of specific evidentiary facts which would require trial on the merits." *Id.* (internal quotation marks and citation omitted).

{6}     There are two issues before this Court: first, whether GCCF is a proper party to this suit; and second, whether GEO Group and Warden Horton, collectively as a third-party private entity, acted on behalf of a public body and is subject to IPRA.

## I.     GCCF as a Proper Party

{7}     The district court based its grant of summary judgment, in part on its finding that GCCF is "the building where prisoners were held and is not a proper party … [and] neither a person nor a business entity." Plaintiff argues that GCCF is a proper party because it performs a government function, which is the "housing, feeding, and habilitation of N.M. state prisoners." GCCF asserts that it is not a "legally recognized and suable entity under New Mexico law" and cannot be considered a public body under IPRA.

{8}     The reasoning that the district court provided regarding GCCF's status as a party to this suit is not supported by the record. It is well established that "[t]he designated records custodian is the only official who is assigned IPRA compliance duties." *Pacheco v. Hudson*, 2018-NMSC-022, ¶ 57, 415 P.3d 505. Essentially, the designated records custodian "is the only official who statutorily is subject to an action to enforce IPRA." *Id.* (internal quotation marks and citation omitted)

{9}     There is sufficient evidence in the record to conclude that GCCF is not a designated records custodian under IPRA, and neither party contests this issue. Based on the letter in the record addressed to Plaintiff from the Guadalupe County Commission, GCCF does not hold the records that Plaintiff is requesting. The letter states that "the records requested by you are in the custody and under the control of . . . GEO Group . . . , the private corporation which operates the GCCF."

{10}     Although the district court found that GCCF is not a proper party to this suit based on insufficient evidence, "we will affirm [its] decision if it was right for any reason so long as it is not unfair to the appellant for us to do so." *State v. Gallegos*, 2007-NMSC-007, ¶ 26, 141 N.M. 185, 153 P.3d 828. GCCF is not the designated records custodian, and therefore is not the proper party.  Moreover, both parties agree that GCCF is not the records custodian. As such, we conclude that GCCF is not the proper party in this action and therefore affirm in part the district court's ruling.

## II.     Private Entities Acting on Behalf of Public Bodies are Subject to IPRA

{11}     We must now determine whether GEO Group and Warden Horton, together as a third-party private entity, is subject to IPRA. This Court has held that third-party private entities who contract with a governmental entity to perform a public function ordinarily performed by that governmental entity are subject to the provisions of IPRA because

they are acting on behalf of a public body. *See State ex rel. Toomey v. City of Truth or Consequences*, 2012-NMCA-104, ¶ 10, 287 P.3d 364.

**{12}** In *Toomey*, this Court recognized that "public bodies contract with private entities to provide a wide range of services" and that "[t]o allow such entities to circumvent a citizen's right of access to records by contracting . . . would thwart the very purpose of IPRA." *Id.* ¶ 26. To avoid this, this Court elected to use the totality of the circumstances to ensure that access to public records be available even if held by a private entity that is providing a public function. *Id.* ¶¶ 20-21. To determine if a private entity is subject to IPRA's disclosure requirements, we consider the following:

> 1) the level of public funding; 2) commingling of funds; 3) whether the activity was conducted on publicly owned property; 4) whether the services contracted for are an integral part of the public agency's chosen decision-making process; 5) whether the private entity is performing a governmental function or a function for which the public agency otherwise would perform; 6) the extent of the public agency's involvement with, regulation of, or control over the private entity; 7) whether the private entity was created by the public agency; 8) whether the public agency has a substantial financial interest in the private entity; and 9) for whose benefit the private entity is functioning.

*Id.* ¶ 13 (text only) (citation omitted). "In applying these factors, we reiterate that no factor is determinative, and all relevant factors need to be analyzed on a case-by-case basis." *Id.* ¶ 22.

**{13}** This Court has consistently held that private entities acting on behalf of public bodies are subject to IPRA. *See id.*; *see also N.M. Found. for Open Gov't v. Corizon Health*, 2020-NMCA-014, 460 P.3d 43 (holding that a private entity contracting with NMCD to provide medical services to inmates is subject to enforcement under IPRA); *Franklin v. Keefe Commissary Network, LLC*, 2024-NMCA-070, 556 P.3d 559 (holding that a private entity is subject to IPRA based on its role in setting commissary prices for state prisoners).

**{14}** GEO Group and Warden Horton assert that they collectively are a third-party private entity and are not the designated records custodian under IPRA. NMCD wrote in its response to Plaintiff that it contracts with GCCF, who in turn contracts with Guadalupe County. The Guadalupe County Commission wrote in its response to Plaintiff's records inquiry that "the records requested by [Plaintiff] are in the custody and under the control of . . . GEO Group . . . , the private corporation which operates [GCCF]." GEO Group and Warden Horton do not dispute that GEO Group is a private corporation that operates GCCF, which in turn contracts with NMCD, nor do they dispute that Warden Horton was employed by GEO Group at the time records were requested by Plaintiff.

**{15}** For these reasons, summary judgment was premature and we remand to the district court for further factual development regarding the *Toomey* factors as they apply to GEO Group and Warden Horton as a private entity that contracts with NMCD.

**CONCLUSION**

**{16}** For the foregoing reasons, we reverse and remand for further proceedings in accordance with this opinion.

**{17}  IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JAQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**