This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42196**

**ANDY BOURDON, and
DAMIAN BOURDON, a minor
child,**

Plaintiffs-Appellants,

v.

**MAYOR JOHN RAMON VIGIL,
CITY OF ESPAÑOLA, N.M.,
MAYOR ALAN WEBBER, and
CITY OF SANTA FE, N.M,**

Defendants-Appellees.

**Consolidated with**

**LAURA PORTER, ALEXANDER
ANDY RAIN CLOUD, and TURQUOISE
BOURDON, minor children,**

Plaintiffs-Appellants,

v.

**MAYOR JOHN RAMON VIGIL, CITY
OF ESPANOLA, N.M., MAYOR ALAN
WEBBER, and CITY OF SANTA FE,
N.M.,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Kathleen McGarry Ellenwood, District Court Judge**

Andy Bourdon and

Española, NM

Laura Porter
Española, NM

Pro Se Appellants

YLAW, P.C.
Michael S. Jahner
Albuquerque, NM

Long Komer & Associates PA
Gabriela M. Delgadillo
Santa Fe, NM

for Appellees Mayor John Ramon Vigil
and Mayor Alan Webber

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}**     Plaintiffs, self-represented litigants, appeal from the district court's dismissal of their case. We issued a calendar notice proposing to affirm. Plaintiffs have filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     Plaintiffs continue to challenge the district court's decision, but they provide no new facts or authority relevant to this case and the issues raised on appeal. A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. References to investigations, litigation, and facts outside the record are similarly insufficient. *See Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 ("Matters outside the record present no issue for review." (internal quotation marks and citation omitted)).

**{3}**     Insofar as Plaintiffs continue to argue that, in granting Defendants' motion for summary judgment, the district court failed to consider Plaintiffs' evidence, we remain unpersuaded. Plaintiffs continue to point to their "hand written statements" and "numerous reports" made to the FBI, the Department of Justice, the Navajo Nation, the New Mexico attorney general, senators, and legislative representatives as proof of their

"presentation of evidence." [MIO 1-2] As discussed in our calendar notice, Plaintiffs have failed to identify admissible evidence demonstrating the existence of any disputed material fact that would preclude summary judgment, and they have not identified any legal authority to indicate it was improper for the district court to grant Defendants judgment as a matter of law. [CN 6-7] *See id.*; *Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 6, 336 P.3d 443 ("Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." (internal quotation marks and citation omitted)); *see also ITT Educ. Servs., Inc. v. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (refusing to consider a proposition that was unsupported by citation to authority); *cf. State v. Ortiz*, 2009-NMCA-092, ¶ 32, 146 N.M. 873, 215 P.3d 811 (refusing to address undeveloped, conclusory arguments, reasoning that "[a] party cannot throw out legal theories without connecting them to any elements and any factual support for the elements" (internal quotation marks and citation omitted)). We therefore conclude Plaintiffs have failed to demonstrate the district court erred in granting summary judgment against Plaintiffs. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063.

**{4}**   Additionally, Plaintiffs continue to assert the district court judge was biased against them, as evidenced by the fact that the district court "consistently ruled against" them. [MIO 12] As noted in our proposed disposition, however, "adverse rulings do not constitute a valid basis for disqualification based on personal bias." *Albuquerque Bernalillo Cnty. Water Util. Auth. v. N.M. Pub. Reg. Comm'n*, 2010-NMSC-013, ¶ 42, 148 N.M. 21, 229 P.3d 494; *see United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 425, 96 N.M. 155, 629 P.2d 231 ("Rulings adverse to a party do not necessarily evince a personal bias or prejudice on the part of the judge."). [CN 8-9] We therefore decline to further address Plaintiffs' continued assertions of bias. *See State ex rel. Bardacke v. Welsh*, 1985-NMCA-028, ¶ 63, 102 N.M. 592, 698 P.2d 462 (holding that a judge need not disqualify himself when the movant cannot demonstrate that the judge is personally embroiled in the case, and when the movant raises no legitimate reasons for disqualification).

**{5}**   Plaintiffs also continue to argue that the district court's delay in closing the case amounted to error. In support, Plaintiffs suggest they were prejudiced by the delay because additional cases were filed against them while the case was on appeal in this Court. [MIO 13] Insofar as Plaintiffs rely on facts outside the record to support their assertion of prejudice, we are unpersuaded. *See Kepler*, 1995-NMSC-035, ¶ 13. Moreover, Plaintiffs have failed to explain how the delay contributed in any way to cases later being filed against them, or how they have been prejudiced by the existence of those cases. *See Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 31, 135 N.M. 423, 89 P.3d 672 ("[A]n assertion of prejudice is not a showing of prejudice, and in the absence of prejudice, there is no reversible error." (alteration, internal quotation marks, and citation omitted)). Although Plaintiffs may have separate ongoing cases that could perhaps encompass facts and circumstances that Plaintiffs would like to raise here, those matters are not before us in this appeal. *See Kepler*, 1995-NMSC-035, ¶ 13.

**{6}** Plaintiffs have failed to meet their burden on appeal or meaningfully respond to our proposed summary disposition. *See Hennessy*, 1998-NMCA-036, ¶ 24; *Mondragon*, 1988-NMCA-027, ¶ 10; *see also Clayton v. Trotter*, 1990-NMCA-078, ¶ 12, 110 N.M. 369, 796 P.2d 262 (refusing to entertain arguments for which pertinent parts of the brief were unintelligible). Accordingly, we are unpersuaded that our notice of proposed disposition was erroneous and affirm for the reasons stated therein. [CN 7-10]

**{7}    IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**